**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve J. Longariello,<br><br>    Plaintiff,<br><br>vs.<br><br>Gompers Rehabilitation Center,<br><br>    Defendant. | No. CV-09-1607-PHX-GMS<br><br>**ORDER** |

Three motions are pending before the Court: Defendant's Motion to Dismiss (Dkt. # 9), Plaintiff's Motion to Strike (Dkt. # 11), and Plaintiff's Motion for Judgment by Default (Dkt. # 11). For the following reasons, the Court grants Defendant's Motion to Dismiss with leave to amend and denies both of Plaintiff's motions.

## BACKGROUND

In March 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging discrimination based on sex, age, and disability. On May 15, 2009, the EEOC was "unable to conclude that the information obtained establish[ed] violations of the [applicable discrimination] statutes[,]" and the EEOC informed Plaintiff of his right to sue. (Dkt. # 11, Ex. 2.) Plaintiff filed the instant lawsuit on August 4, 2009, appearing to allege claims under six statutes: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) Age Discrimination in Employment Act ("ADEA"), (3) Americans With Disabilities Act ("ADA"), (4) Arizona Civil Rights Act

("ACRA"), (5) 42 U.S.C. § 1981 ("Section 1981"), and (6) "Federal and Arizona State Blacklisting Laws."

## **LEGAL STANDARD FOR MOTION TO DISMISS**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Furthermore, "[a]lthough [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). Even "a liberal interpretation of a . . . complaint may not supply [the] essential elements of [a] claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotations omitted).

**DISCUSSION**

**I.    The Court Grants Defendant's Motion to Dismiss.**

Plaintiff's Complaint is insufficient to survive dismissal. Instead, the Complaint relies on legal conclusions without providing relevant factual support. The Complaint begins by listing several statutes as the bases for jurisdiction. Aside from asserting facts about his right to sue and to amend, the Complaint states only the following, "By failing to hire the most qualified applicant, Plaintiff, Steve J. Longariello, a[n] Arizona certified, highly qualified . . ., 53 year old disabled male master level teacher of Special Education, the Defendant, Gompers Rehabilitation Center, on one or more occasion[s], violated his civil rights pursuant to the laws (mentioned above) to which this court has jurisdiction." (Dkt. # 1.) This is a legal conclusion that merely recites some (but not all) of the claims' elements, without providing enough factual support to make any of the claims plausible. *See Twombly*, 550 U.S. at 555; *Pareto*, 139 F.3d at 699.

**A.    Plaintiff Fails to State a Title VII Claim.**

"Title VII prohibits employment discrimination on account of race, sex, religion, and national origin." *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 536 (9th Cir. 1982) (citing 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin[.]")). To establish a prima facie case of discrimination, Plaintiff must show that (1) he belongs to a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse employment action, and (4) similarly situated persons were treated more favorably. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (discussing sex discrimination against women). Plaintiff alleges that he is male, but he does not allege that Defendant refused to hire him because of he is male, but does not allege facts showing Defendant's treatment of other similarly-situated individuals. Accordingly, the Court dismisses Plaintiff's Title VII claim.

## B. Plaintiff Fails to State an ADEA Claim.

The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . or otherwise discriminate against any individual with respect to [his or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A prima facie case of disparate treatment requires the following: (1) the plaintiff was a member of the protected class (over the age of 40); (2) the plaintiff applied for and was qualified for the position; (3) the plaintiff suffered an adverse employment action, such as denial of a position; and (4) the employer hired substantially younger applicants with equal or inferior qualifications instead. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280–81 (9th Cir. 2000) (discussing elements in the context of termination); *see also Lindahl v. Air France*, 930 F.2d 1434, 1437 (9th Cir. 1991) (noting that the test is flexible and adaptable to each case's unique facts). In this case, the Complaint mentions that Plaintiff is fifty-three years old, but it does not explain any other surrounding facts. For instance, the Complaint does not explain whether Plaintiff applied for any position, what the position was, and who, if anyone, was hired instead. Thus, the Court dismisses the ADEA claim.

## C. Plaintiff Fails to State an ADA Claim.

The American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et. seq.*, "prohibits an employer from discriminating 'against a qualified individual with a disability because of the disability.'" *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480 (9th Cir. 1996) (citing 42 U.S.C. § 12112(a)). A prima facie ADA claim requires alleging that the Plaintiff (1) is a disabled person within the meaning of the statute; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

First, Plaintiff fails to allege how he is disabled. The ADA defines a "disability" as "physical or mental impairment that substantially limits one or more major life activities of such individual[,]" "a record of such an impairment[,]" or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Merely labeling himself as "disabled" in the Complaint is insufficient to explain what physical or mental disability he has. Plaintiff's

Response contends that he has a psychological disability, but this allegation was not in the Complaint. Second, Plaintiff has not alleged any causal connection between any purported disability and Defendant's refusal to hire Plaintiff. Thus, the Court dismisses the ADA claim.

### D. Plaintiff Fails to State an ACRA Claim.

ACRA makes it unlawful for an employer "[t]o fail or refuse to hire . . . any individual . . . with respect to the individual's compensation, terms, conditions or privileges of employment because of the individual's race, color, religion, sex, age, disability or national origin." Ariz. Rev. Stat. § 41-1463(B)(1). Plaintiff's ACRA claim fails for the same reasons that his Title VII, ADEA, and ADA claims fail. First, Plaintiff does not allege discrimination based on race, color, religion, or national origin. And although the Complaint mentions Plaintiff's sex and age in passing, Plaintiff does not allege facts showing that he has a disability. Furthermore, Plaintiff fails to allege why his race, color, religion, sex, age, disability or national origin caused an adverse employment action. Plaintiff's passive insinuation of discrimination is insufficient. The Court, therefore, dismisses the ACRA claim.

### E. Plaintiff Fails To State a Section 1981 Claim.

To survive a motion to dismiss on a Section 1981 claim, a Complaint must "allege that plaintiff suffered discrimination . . . on the basis of race." *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995). Plaintiff provides no authority holding that a Section 1981 applies to sex, age, or disability discrimination. Because Plaintiff has not alleged racial discrimination, the Court dismisses the Section 1981 claim.

### F. Plaintiff Fails to State a Claim for "Blacklisting Laws."

Plaintiff does not specify what "Federal and Arizona State Blacklisting Laws" Defendants allegedly violated. The Complaint is thus insufficient to create a reasonable inference that Defendant is liable under any such statute. *See Iqbal*, 129 S. Ct. at 1949. Even so, the Court cannot discern any facts from the Complaint that relate to anything resembling

blacklisting, and the Court will not speculate as to what those facts might be. The Court thus dismisses the blacklisting claim.

**II.     The Court Denies Plaintiff's Motion to Strike.**

Plaintiff contends that the Court should strike Defendant's Motion and other filings because they do not include a handwritten signature. Arizona Local Rule of Civil Procedure 5.5(g), however, provides, "The log-in and password required to submit documents to the ECF System constitute the Registered User's signature on all electronic documents filed with the Court for purposes of Rule 11 of the Federal Rules of Civil Procedure." Consistent with this rule, Defendant's counsel electronically filed Defendant's documents and signed her name using the notation "s/ Stephanie R. Leach." Plaintiff contends a handwritten signature is required because this Court issues orders with handwritten signatures and because various documents were filed electronically, but served by mail. Plaintiff also contends that Defendant was required to mail separate copies of each document to the Court. Plaintiff offers no authority for these propositions.[1] Therefore, denies the Motion to Strike.

**III.    The Court Denies Plaintiff's Motion for Default Judgment.**

Plaintiff requests a default judgment, contending that Defendant's Motion is meritless and unsigned. For the reasons already stated, however, Defendant's counsel properly signed Defendant's Motion and the Court finds the Motion persuasive. Furthermore, an entry of default is appropriate only when "a party . . . has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Plaintiff has not explained how Defendant has failed to defend the action given that Defendant filed a motion to dismiss. The Court thus denies the Motion for Default Judgment.

---

[1] Plaintiff analogizes Defendant's actions with a hypothetical attempt to buy groceries with counterfeit bills. According to Plaintiff, both Defendant's counsel and the counterfeiter tried to achieve something without legally signing their names. Defendant's counsel, however, behaved not like a person trying to buy groceries with counterfeit bills, but instead like a person buying groceries with a debit card. No handwritten signature was required for the electronic transaction, and no handwritten signature is required here.

**IV. Dismissal Is Without Prejudice.**

Defendant contends dismissal should be with prejudice because amendment would be futile. Federal Rule of Civil Procedure 15(a), however, "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). The Court finds that amendment may cure some of the Complaint's defects.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 9) is **GRANTED** with leave to file an amended complaint on or before **January 19, 2010**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to dismiss this action without further notice if an amended complaint is not filed on or before January 19, 2010.

DATED this 5th day of January, 2010.

_____
G. Murray Snow
United States District Judge